## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RENEE M. FINCH,

    Plaintiff,

v.

Case No. 07-13796
Hon. Gerald E. Rosen
Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2008

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

On June 24, 2008, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Renee M. Finch's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on July 3, 2008. The Court has now reviewed the parties' motions, the R & R, Plaintiff's objections, and the remainder of the materials in the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its entirety, as supplemented by the rulings below.

Plaintiff advances three objections to the R & R.  First, she contends that the Administrative Law Judge ("ALJ") erred in failing to treat her obesity and obstructive sleep apnea as "severe" impairments at step two in the sequential evaluation of her claim for disability benefits.  Yet, as Defendant correctly observes in its underlying summary judgment motion, (*see* Defendant's Motion, Br. in Support at 12 n.4), this purported failure to classify additional impairments as "severe" has no legal significance, where the ALJ had already made a step two finding in Plaintiff's favor by determining that she suffered from two other "severe" impairments.  The important question, rather, is whether the ALJ's determination of Plaintiff's residual functional capacity ("RFC") properly incorporated any additional limitations attributable to her obesity or obstructive sleep apnea.  As to Plaintiff's obesity, the Court fully concurs in the Magistrate Judge's determination that the record does not establish any additional functional limitations caused by this condition.  (*See* R & R at 14.)

With regard to Plaintiff's obstructive sleep apnea, the Magistrate Judge's failure to address this subject is understandable, given that Plaintiff's underlying summary judgment motion does not cite this condition (whether by itself or in connection with her obesity) as a source of additional limitations, but merely mentions it in passing. (*Compare* Plaintiff's Motion, Br. in Support at 2, 5 (citing sleep apnea as one of Plaintiff's conditions, and noting evidence of a diagnosis of obstructive sleep apnea syndrome and a recommendation that Plaintiff follow up with a sleep clinic physician), *with id.* at 11-15 (omitting any mention of this condition as a source of additional

limitations beyond those recognized by the ALJ).) In any event, while the record includes a diagnosis of obstructive sleep apnea syndrome, (*see* Admin. Record at 349), Plaintiff fails to direct the Court's attention to any evidence addressing such pertinent issues as the duration of this condition, whether Plaintiff sought treatment, and the results of any such treatment. Similarly, and more importantly, Plaintiff does not point to any evidence that this condition caused any additional limitations that the ALJ failed to incorporate into the determination of her RFC. Rather, she simply invites the Court to speculate that this condition caused the fatigue about which she testified before the ALJ. The ALJ explained the reasons for discounting this testimony, (*see* Admin. Record at 17-18), and thus did not err in failing to account for Plaintiff's sleep apnea in determining her RFC.

Next, and more generally, Plaintiff contends that the ALJ's decision is not supported by substantial evidence. This challenge, however, is predicated entirely upon the ALJ's failure to incorporate into Plaintiff's RFC the additional limitations that purportedly arose from her obesity and obstructive sleep apnea. As explained, the Court finds no such defects in the ALJ's assessment of Plaintiff's RFC.

Finally, Plaintiff faults the ALJ for failing to account for the opinion of her treating rheumatologist, Dr. Madhu Arora, that she would sometimes need to take unscheduled breaks during an 8-hour workday. (*See* Admin. Record at 223, 228.) Yet, as the ALJ observed, Dr. Arora's opinions were "very vague" as to Plaintiff's limitations, (*id.* at 17), and this surely includes the doctor's opinion as to Plaintiff's need to take unscheduled breaks, which lacks any specificity as to how often such breaks would be needed, how

3

long these breaks might last, or whether Plaintiff would need to lie down, (*see* Admin. Record at 223, 228).  Under this record, the ALJ was not required to give greater weight to this aspect of Dr. Arora's opinion.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's June 24, 2008 Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED, and that Defendant's motion for summary judgment is GRANTED.

                                            s/Gerald E. Rosen
                                            Gerald E. Rosen
                                            United States District Judge

Dated:  September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager